FILED
SUPERIOR COURT
OF GUAM

2018 APR 22 AM 9: 33

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>JENNY MARIE PETRACHE,<br>DOB: 08/08/1975<br><br>DEFENDANT. | CRIMINAL CASE NO.: CF0064-17<br><br>**DECISION AND ORDER**<br>(Defendant's Motion to Dismiss) |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 22, 2018 on Jenny Marie Petrache's ("Defendant") Motion to Dismiss. The Defendant was represented by Assistant Public Defender Clyde Lemons Jr. Assistant Attorney General Matthew A. Phelps appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** the Defendant's Motion to Dismiss.

### BACKGROUND

On July 9, 2016, officers from the Guam Police Department responded to a call for a disturbance at a residence in Barrigada. Def's Mot. Dismiss 2 (Dec. 1, 2017). On arrival, the officers encountered the Defendant and her daughter. Id. The officers ultimately recovered a pipe,

**ORIGINAL**

CF0064-17 People of Guam vs. Jenny Marie Petrache
DECISION AND ORDER (Defendant's Motion to Dismiss)

Page 1 of 6

and sealed and unsealed straws with a substance inside, from the Defendant's room. Id. The substance in the straws was subjected to a field test which returned a presumptive positive reaction to for the presence of methamphetamines. Id. The Defendant was then arrested. Id.

On July 11, 2016, the Defendant was released and given a Notice to Appear ("NTA") on July 3, 2019. See Def's Mot. Dismiss Ex A (Dec. 1, 2017). On February 9, 2017 a Superior Court of Guam Grand Jury returned an Indictment charging the Defendant with **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony).**

Subsequently, on December 1, 2017 the Defendant filed the instant Motion to Dismiss the Indictment. The People filed an Opposition on December 11, 2017. The Defendant filed a Reply to the Opposition on December 20, 2017. The Court held a hearing and took the Motion to Dismiss under advisement on January 22, 2018.

## DISCUSSION

The Defendant argues the Indictment should be dismissed because the People did not file a complaint and affidavit which the Defendant argues are required under Guam law. Def's Mot. Dismiss 3 (Dec. 1, 2017). The Defendant relies primarily on 8 G.C.A. § 25.30 and, People v. Villapondo, 1999 Guam 31, as the authorities in support of her Motion. In opposition, the People argue that as long as "any Indictment to charge a case issues prior to the *de facto* statute of limitations established by the NTA date on any defendant's citation, it is permissible that a felony offense be charged via an Indictment returned by the territorial grand jury, rather than via a complaint and supporting affidavits." People's Opp'n Def's Mot. Dismiss 4 (Dec. 11, 2017). Thus this Court is confronted with the issue of whether a complaint is required to be filed in a felony prosecution where a defendant is released, and an NTA is issued.

In Guam, felonies and related misdemeanors are charged by information or indictment, all other crimes are charged by complaint. 8 GCA § 1.15 (2017). To commence a charge against a Defendant, Guam's criminal procedure statutory scheme provides *inter alia* that, "[i]n any case where a person is not arrested upon a warrant and such person does not demand to be taken before a judge, the arresting officer . . . [m]ay release him pursuant to the procedure provided by [8 GCA

Chapter 25]." 8 GCA § 25.10 (2017). If the officers "determines that a person arrested should be released, the officer shall prepare in duplicate a written notice to appear in court, containing the . . . time and place when and where the person shall appear in court. . . ." 8 GCA § 25.20.

Once an individual is released from police custody with the NTA,

> "[t]he officer shall forthwith deliver the copy of the notice to appear to the prosecuting attorney charged with the duty to prosecute the offense charged. At or before the time which the person promised to appear, if the prosecuting attorney determines that the offense should be prosecuted, he shall file the notice to appear and a complaint and affidavits which satisfy the requirements of § 45.20 in the court in which the person has promised to appear. . . ."

8 GCA § 25.30.

In Villapando, the case relied on by the Defendant, the Supreme Court of Guam expanded on a previous interpretation of § 25.30 in, People v. Palomo, 1998 Guam 12. Thus this Court looks to both Palomo and Villapando for guidance in addressing the issue presented herein.

In Palomo the Supreme Court addressed the issue of whether the prosecution of a misdemeanor should be dismissed where a complaint is filed after the date noted on a NTA provided to a Defendant. The Supreme Court held that the date in the NTA "establishes a *de facto* statute of limitations." Palomo, 1998 Guam at ¶ 14. Thus, under Palomo, where a person is given a NTA and is later charged with a misdemeanor via complaint, the complaint must be filed before the date noted on the NTA. Id. Otherwise, the complaint should be dismissed. Id.

In Villapando, the Supreme Court considered the issue of whether the *de facto* statute of limitations in a NTA also applies to the prosecution of a felony. Villapando, 1999 Guam 31 at ¶ 22. The Supreme Court held that when the People prosecute a felony and the NTA procedure is used, the *de facto* statute of limitations in the NTA recognized in Palomo, applies. Id. at ¶ 44.

However, the reasoning in Villapando is what is instructive to the instant case. The Supreme Court discussed the issue of whether an indictment is a form of complaint. See Id. at ¶ 37. The Court looked to the definition of complaint, and held that like a complaint, "[a]n indictment contains the essential facts constituting the offenses charged, in writing, signed by the prosecutor and filed with the court." Id. (further reasoning "[i]t could be construed that an

indictment is a specific or more specialized type of complaint in that a complaint may simply be prepared by the prosecuting attorney after some investigation, whereas other more stringent procedures are required in order to obtain an indictment."). Thus the Court held that the *de facto* statute of limitations recognized in Palomo applied to felonies, because an indictment is a form of a complaint.

However, the Court implied that if an indictment is filed before the date noted in the NTA, then the requirements of § 25.30 are met. See Villapando, 1999 Guam 31 at ¶ 44. This implied holding is clear because, as noted in Villapando, felonies are prosecuted by indictments, not by complaint. Id. at ¶ 38.

In support of the holding in Villapando, the Court cited positively to the Federal Ninth Circuit Court of Appeals' discussion of the difference between a petition in juvenile prosecutions, and a complaint and indictment in adult prosecutions. See Villapando, 1999 Guam 31 at ¶ 39. In, People of Territory of Guam v. Quinata, 785 F.2d 812 (9th Cir. 1986), the Ninth Circuit reasoned that the indictment at issue should not be dismissed for failure to comply with an applicable statute of limitations, because a petition was filed within the limitation period. Quinata, 785 F.2d at 814. The Quinata Court reasoned that a Petition meets the definition of a complaint or indictment because it is "meant to inform the defendant of the offense the state accuses him of having committed." Id. at 813-14. The Ninth Circuit looked to the substance of the document, not the caption. Id. The Ninth Circuit reasoned the rules required that a juvenile prosecution commence by petition and not a complaint. Id. at 814. Thus, the court emphasized that both commence a prosecution and thus the statute of limitations was not violated. Id. at 814.

Here, the Court finds the Defendant misinterprets the analysis in Villapando. The Defendant posits that because Villapando held that the *de facto* statute of limitations in an NTA applies to felony prosecutions where an NTA is issued, a complaint and affidavit are always required in such cases. The Court finds the Supreme Court's analysis did not hold that an NTA controls the procedure for charging out a Defendant. Rather, the Supreme Court's analysis focused on the requirement that a complaint being filed. The Court found that an indictment is a more

specialized type of complaint, and therefore § 25.30 did apply to felony prosecutions where the NTA procedure is used. Villapando, 1999 Guam 31 at ¶ 37.

The Villapando Court did not hold that the People are required to file a complaint and affidavit in every felony prosecution resulting from the issuance of an NTA. The Court held that a prosecution is required to be commenced within the time set by the *de facto* statute of limitations in the NTA. However, the Villapando Court was clear in recognizing felony prosecutions are initiated by indictment and not by complaint. Thus, the Supreme Court in discussing Quinata and the overall statutory scheme, acknowledged, at least implicitly, that an indictment returned before the date in the NTA satisfies the *de facto* statute of limitations in 8 GCA § 25.30.

Therefore this Court finds that in this type of felony prosecution, where an NTA is issued, § 25.30 and Villapando are satisfied where an indictment is filed before the date noted on the NTA. If this Court were to require a complaint and affidavit in this type of case, the requirement would be meaningless. If a Defendant is released, and a grand jury finds cause to believe a crime was committed and the Defendant committed it, then a SUMMONS is issued for that Defendant to answer to the charges. See 8 GCA § 15.40. The complaint and affidavit would have no effect on the proceedings as the indictment already commenced the prosecution, gives notice of the charges, and the grand jury found the required cause to charge the Defendant. See Note to 8 GCA § 15.10 ("In felony cases, the principal function of the complaint is to serve as an application for a warrant of arrest or a summons. However, it also serves a foundation for preliminary examination. It does not serve as an accusatory pleading; i.e. the prosecution of a felony must be based on either an indictment or an information. In cases where a felony is not charged the complaint serves as the accusatory pleading and is therefore subject to the same rules of pleading as an indictment or information."). Because the Defendant was not detained and instead was released as allowed under 8 GCA Chapter 25, there is no requirement that a magistrate find probable cause here. Instead, because the People charge the Defendant with a felony, the grand jury made the requisite finding by returning the indictment.

Thus in <u>Villapando</u>, the Supreme Court held that when an NTA is issued under the provisions of 8 GCA Chapter 25, the initiation of a prosecution must be commenced by the date set out in the NTA. This creates a *de facto* statute of limitations. However, the Grand Jury's return of an indictment satisfies 8 GCA § 25.30 because the indictment is a form of complaint, and an indictment is the charging instrument which initiates the prosecution in felony cases. Therefore the Court **DENIES** the Defendant's Motion to Dismiss for failure of the People to file a complaint in this matter. The Court finds an indictment was returned before the date noted in the NTA.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** the Defendant's Motion to Dismiss.

A **Criminal Trial Setting** is set for **April 24, 2018** at **10:00a.m.**

SO ORDERED **APR 1 2 2018** .

The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:

APR 1 2 2018
Date:_____ Time: 935 am

Dep. Clerk, Superior Court Guam

CF0064-17 People of Guam vs. Jenny Marie Petrache
DECISION AND ORDER (Defendant's Motion to Dismiss)

Page 6 of 6